IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| RICARDO B. TRUJILLO | § | |
|     TDCJ-CID NO. 1416897 | § | |
| v. | § | C.A. NO. V-10-080 |
| | § | |
| RICK THALER | § | |

**OPINION AND ORDER GRANTING**
**RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a state prisoner currently incarcerated at the Stevenson Unit in Cuero, Texas. (D.E. 1). On October 4, 2010, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2254, challenging a disciplinary proceeding. Pending is Respondent's motion for summary judgment. (D.E. 11). Petitioner has failed to file a response.[1] For the reasons stated herein, Respondent's motion for summary judgment is granted, and this habeas action is dismissed.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2002). Petitioner is confined in Cuero, Texas. (D.E. 1). Jurisdiction is, therefore, proper in this Court. 28 U.S.C. § 124(b)(5). Upon consent of the parties, (D.E. 5, 15), the action was referred to a United States Magistrate Judge to conduct all further proceedings, including entry of final judgment. (D.E. 17); see also 28 U.S.C. § 636(c).

---

[1] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

## II. BACKGROUND

On July 15, 2010, Petitioner was ordered to move into cell B204 and occupy the bottom bunk. (D.E. 12-2, at 3). The move was unsuccessful and, on July 16, 2010, Petitioner was notified that he was being charged by Texas Department of Criminal Justice ("TDCJ") officials with the offense of "refusing to accept housing." Id. at 3-4. After pleading "not guilty" to the charge, the TDCJ conducted a hearing on July 19, 2010 and found him guilty as charged. Id. at 10. As a result, the TDCJ assessed a thirty day loss of commissary privileges, imposed thirty days of cell restrictions, and reduced his line class from L1 to L2. Id. at 3, 10. Petitioner then submitted a step one grievance appealing the ruling in the disciplinary proceeding, which was denied following a finding that "[t]here was sufficient evidence for a finding of guilt." (D.E. 12-1, at 3-4). His step two grievance was also denied on the basis that the "guilty verdict was supported by a preponderance of the evidence" and that "[a]ll due process requirements were satisfied." Id. at 5-6.

## III. PETITIONER'S ALLEGATIONS

Petitioner alleges that his right to due process was violated, raising four grounds for habeas relief: (1) there was insufficient evidence to support a conviction, (2) the hearing officer denied him the right to call witnesses on his behalf, (3) the offense was based on a false report, and (4) he was improperly assigned to the same cell with an inmate who also had bottom bunk restrictions. (D.E. 1, at 7).

## IV. DISCUSSION

Respondent seeks summary judgment and dismissal of the petition on the grounds that Petitioner has failed to allege a deprivation actionable under federal habeas law. (D.E. 11, at 5-

2

9).

A.	**The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002) (citations omitted).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992) (citations omitted). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988) (citation omitted).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, Tex., 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the

allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.      Petitioner's Challenge Does Not Invoke A Constitutionally Protected Right.**

Respondent asserts that Petitioner fails to allege the requisite constitutional deprivation necessary for federal habeas relief to be granted. (D.E. 11, at 5). Specifically, he argues that neither the thirty day loss of commissary privileges, thirty days of cell restrictions, nor the reduction in line class from L1 to L2 amount to liberty interests protected by the Due Process Clause. Id. at 5-6.

A petitioner challenging a disciplinary hearing must show that the punishment intrudes on a protected liberty interest "so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that the state-created right is not arbitrarily abrogated." Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997) (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974)); see also Malchi v. Thaler, 211 F.3d 953, 957 (5th Cir. 2000) ("Federal habeas relief cannot be had 'absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States'") (citation omitted). The Supreme Court has explained that many of the restraints of prison life do not violate the Constitution:

> [T]hese [liberty] interests will be generally limited to freedom
> from restraint which, while not exceeding the sentence in such an

>unexpected manner as to give rise to protection by the Due Process
>Clause of its own force,... nonetheless imposes atypical and
>significant hardship on the inmate in relation to the ordinary
>incidents of prison life.

Sandin v. Conner, 515 U.S. 472, 484 (1995) (citations omitted). The Fifth Circuit has further explained that "these interests are generally limited to state created regulations or statutes which affect the quantity of time rather than the quality of time served by a prisoner." Madison, 104 F.3d at 767.

### 1. Petitioner had no liberty interest in his commissary or cell privileges.

Petitioner challenges his disciplinary proceeding based on the limitation of his commissary and cell privileges. (D.E. 1, at 5). The loss of commissary and cell privileges, however, are not atypical, significant deprivations that could encroach upon any liberty interest. Sandin, 515 U.S. at 485-86; Madison, 104 F.3d at 768 ("[petitioner's] 30 day commissary and cell restrictions ... do not represent the type of atypical, significant deprivations in which a state might create a liberty interest"). Similarly, segregated confinement as a disciplinary sanction has not been found to implicate constitutional liberty interests. Sandin, 515 U.S. at 486.

As a result of Petitioner's disciplinary conviction, he lost thirty commissary days and had thirty days of cell restrictions. The Supreme Court and Fifth Circuit have addressed these issues directly and concluded that they are not the type of liberty interests protected by the Fourteenth Amendment. Thus, Petitioner's challenge to his reduction in commissary privileges or cell restrictions does not invoke liberty interests.

### 2. Petitioner had no liberty interest in his line class status.

Petitioner emphasizes his reduction in line class from L1 to L2 as one of the most significant adverse consequences flowing from his allegedly flawed disciplinary hearing. (D.E.

1, at 5; D.E. 12-1, at 4). The Fifth Circuit has held that prisoners do not have a protected interest in assignment to any good-time credit earning status. Malchi, 211 F.3d at 958-59; Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995) (per curiam). Simply put, even if the TDCJ erroneously convicted Petitioner because its deficient procedures would otherwise have violated Due Process, the lack of any constitutional deprivation of liberty means there is no Due Process violation. Accordingly, Petitioner fails to state a claim based on the change in his line class, and dismissal is appropriate.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability. A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because it "is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious." Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further." United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

Reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, Petitioner is not entitled to a certificate of appealability.

## VI. CONCLUSION

Based on the foregoing reasons, Respondent's motion for summary judgment, (D.E. 11), is granted, and this habeas petition, (D.E. 1), is dismissed. Additionally, Petitioner is denied a certificate of appealability.

ORDERED this 26th day of August 2011.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE